[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGEMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Mitchell Apke was charged with discharging a firearm in violation of Cincinnati Municipal Code 708-27 after he accidentally fired a hunting shotgun in his apartment, while he was contemplating suicide. After pleading no contest and being found guilty of the offense, he filed a motion for release of the firearm. The motion explained that his brother, Steven Apke, had loaned him the gun for a hunting trip. According to the motion, Steven had no idea that Mitchell was contemplating suicide or that Mitchell would discharge the gun in his apartment. Thus, the motion requested that the gun be returned to Steven.
After a hearing, the court denied the motion, holding that it did not matter that Steven was the rightful owner of the gun. According to the court, Cincinnati Municipal Code 708-29 required the gun's destruction. Section 708-29 states, "When any police officer shall discover any person in the act of violating any provision of Section 708-27 * * *, it shall be his duty to seize the firearms or cannon so unlawfully used, and to cause the arrest of such person. Upon conviction of the person so arrested, the chief of police shall order the firearms or cannon so seized destroyed."
Mitchell now appeals the denial of his motion. In his sole assignment, he asserts that Section 708-29 is unconstitutional. But we do not address the assignment because we hold that Mitchell, who is not the owner of the gun, does not have standing to argue against the constitutionality of the ordinance. Rather, the argument should have been made by Steven, who could have filed a replevin action and then have appealed a decision against him. Thus, although Mitchell's argument may have merit, it cannot be sustained on this appeal.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.